IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARVEY MERRIWEATHER,
#54176-065

        Petitioner,

vs.                            Case No. 16-cv-0561-DRH

U.S. PAROLE COMMISSION,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated at the Federal Correctional Institution, located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence with relation to a detainer placed upon him by the United States Parole Commission. The petition was filed on May 20, 2016.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that petitioner is not eligible for relief under § 2241 at this time, and the Petition must be

dismissed.

## **Background**

Petitioner has a lengthy criminal history, including multiple convictions for robbery offenses stemming back to November 29, 1965. (*See* E.D. Cal., CM/ECF, Case No. 2:08-cv-1977-JFM, Doc. 17 (Order addressing petitioner's previous petition for a writ of mandamus)). He has been imprisoned, paroled, and reimprisoned for new charges and parole violations on numerous occasions. During the course of his criminal career, it appears that his sentences and the length of parole have, from time to time, been restructured. For example, following a string of five bank robberies, the petitioner's original 1965 sentence was apparently repackaged into a 30-year aggregate sentence to reflect his 1965 conviction as well as his new convictions (*See* E.D. Cal., CM/ECF, Case No. 2:08-cv-01977-JFM, Doc. 17, p. 2, n.2).

Of recent nature, in 2001 the Petitioner was convicted of bank robbery in the District Court of Oregon, and he was sentenced to 120 months of imprisonment to be followed by a term of supervised release (*See* Or., CM/ECF, Case No. 3:00-cr-00534-KI-1, Dkt. No. 27). While serving the 120 month sentence, the petitioner filed a writ of mandamus with the Eastern District of California seeking an order compelling the U.S. Parole Commission to hold a review of a detainer placed upon him, and directing the Commission to remove the detainer for failing to hold a review in a timely fashion (*See* E.D. Cal., CM/ECF, Case No. 2:08-cv-01977-JFM, Doc. 1). The court denied his request for

a writ of mandamus, finding that under the applicable law the U.S. Parole Commission possessed the authority to treat his sentence and credits in the fashion it had, that the detainer was not improper based upon applicable law, and that there was no due process violation in light of the Commission's repeated attempts to hold a review as well as an eventual review (*See* E.D. Cal., CM/ECF, Case No. 2:08-cv-01977-JFM, Doc. 17).[1]

Subsequent to his 2001 conviction, the petitioner was charged with and convicted of a new bank robbery and assault with a deadly weapon in 2013 (*See* Or., CM/ECF, Case No. 3:13-cr-00131-KI-1). The 2013 convictions appear to be the source of the primary sentence that the petitioner is currently serving—a term of 10 years of imprisonment (*See* Or., CM/ECF, Case No. 3:13-cr-00131-KI-1, Doc. 28). The District Court in Oregon set the 10 year sentence to run concurrent with the sentence imposed in 2001 (*See* Or., CM/ECF, Case No. 3:13-cr-00131-KI-1, Doc. No. 28). The petitioner did not file a direct appeal from that sentence or the underlying convictions, and he did not seek habeas corpus relief with the sentencing court.

Instead, the petitioner began the internal Bureau of Prisons ("BOP") grievance process in 2015, seeking the relief he is currently requesting from this

---

[1] It should be noted that 28 U.S.C. § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning the execution of a sentence. *See Valona v. United* States, 138 F.3d 693, 695 (7th Cir. 1998) (finding that § 2244(a) bars successive § 2241 petitions directed at the same core issue). A review of the records from the petitioner's previous mandamus action in relation to his 2001 sentence suggests that the attack he brings today styled as a § 2241 is identical to that previous attack. Though he styled his previous attack as a writ of mandamus, the court treated it as a § 2241. This Court will not bar the present petition on the grounds of § 2244(a) at this time, but this Court does caution the petitioner against the dangers of bringing repeated pleadings with the same claims.

Court (Doc. 1, exhs. 1-1, 1-2). Ultimately, when the grievance procedure proved unsuccessful, the petitioner filed the present § 2241 Petition.

## HABEAS

The present § 2241 Petition is before the Court for initial screening. The petitioner is seeking an order from this Court directing the U.S. Parole Commission to remove a detainer and to afford him proper credit of 348 months, which he believes satisfies a previous sentence with a 30-year term of imprisonment (Doc. 1). Based upon the limited information provided in the § 2241 Petition, and the information gleaned from a review of the petitioner's writ of mandamus action in his Oregon matter, it appears that the petitioner is likely referencing a detainer that has been placed upon him in relation to some outstanding sentence from a previous burglary conviction. The petitioner states that he has served enough time to cover his "old law sentence" of 30 years, because he has served 348 months on that sentence. The petitioner does not identify which of his previous convictions and incarcerations resulted in a 30 year sentence, or how he arrived at the calculation that he had 348 months of time served on said sentence.[2]

## DISCUSSION

---

[2] From a review of the available documents in various CM/ECF files, it appears that the 30 year sentence is the aggregate sentence imposed after the petitioner was convicted of a series of five bank robberies. Review of available documents suggests that the file number associated with this conviction is CR-84-113. (*See* E.D. Cal., CM/ECF, Case No. 2:08-cv-01977-JFM, Doc. 10-4, p. 16).

At the outset, this Court must independently evaluate the substance of a petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn,* 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke,* 178 F.3d at 499.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It is particularly inappropriate to recast a

petitioner's action, because a petitioner can face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, a petitioner is responsible for paying a much higher filing fee of $400, and a petitioner might be assessed a "strike" if the Court determined that the petitioner's action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

Here, the § 2241 Petition fails for two reasons. First, a § 2241 petition is not the appropriate procedural vehicle for the claim the petitioner is raising at this time. It appears from the limited facts provided in the Petition, that the petitioner is merely seeking the removal of a detainer, though he will remain in custody on his Oregon burglary sentence for some time.[3] The request to remove a detainer does not seek an outright release from custody or a quantum change in custodial status—the two primary remedies to be sought under a habeas petition. Instead, the petitioner merely seeks an order from this Court directing the U.S. Parole Commission to remove a detainer despite the fact that he will presumably remain in custody. His request appears to be much more akin to a request for mandamus or some other form of civil relief.

The potential mandamus or civil nature of this action leads to the second reason why the Petition must fail, which is multifold. First, this Court generally will not recharacterize a habeas petition as a civil action because of the risks that

---

[3] The petitioner's projected release date is November 28, 2021. *See* Bureau of Prisons Inmate Locator (July 8, 2016), https://www.bop.gov/inmateloc/.

a plaintiff could face if the Court did so. *See Bunn*, 309 F.3d at 1007. Second, even if the Court did recharacterize the action, it is unclear what procedural mechanism would be appropriate for such a claim.

The petitioner has a number of sentences that have been imposed over a long time period, stemming as far back as 1965. At times during the petitioner's various criminal proceedings, the U.S. Parole Commission has possessed the authority to calculate sentences and to execute warrants or detainers—authority that at times could even override the pronouncement of a sentence by a court. *See* 18 U.S.C. § 4210 (discussing the U.S. Parole Commission's power to calculate sentences and credits); *Jake v. Herschberger,* 173 F.3d 1059 (7th Cir. 1999) (discussing the statutory powers of the Parole Commission in imposing and calculating sentences under the 'old' statutory scheme, which applied to sentences imposed prior to November 1, 1987, and noting that under the old scheme the federal government was not bound by a state court decision to run a sentence concurrently or consecutively); *Thigpen v. U.S. Parole Commission*, 707 F.2d 973 (7th Cir. 1983) (discussing the Parole Commission's power to issue warrants or detainers, or to hold them in abeyance).

The Supreme Court has held that even after the Sentencing Reform Act, which changed the statutory landscape for the U.S. Parole Commission, the Attorney General and the BOP still possessed the power to calculate sentences. *U.S. v. Wilson,* 503 U.S. 329, 336-337 (1992) (holding that even after the 1987 revision the Attorney General may continue to compute the amount of credit

accrued by a prisoner); *U.S. v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995) (holding that the Attorney General, and not the sentencing court, computes credit that is due and noting that prisoners must seek administrative review prior to seeking judicial review of said computations). Precedent suggests that a prisoner must first seek and exhaust administrative review of his sentence, and may then appeal the outcome of the administrative proceeding to the judiciary. *See id.* However, there is no explicit portal created by statute or precedent for what type of action a prisoner needs to bring once he has exhausted administrative channels of review. Without a clear portal for bringing an administrative challenge to the Parole Commission's calculation of a sentence or imposition of a detainer, it would be especially inappropriate for this Court to recharacterize the petitioner's present habeas petition.

## Disposition

To summarize, the petitioner has not demonstrated that his request qualifies for § 2241 relief at this time, nor has he shown that some other civil relief would be appropriate. The petitioner has shown evidence that he has attempted to utilize the administrative channels to address the computation of his sentence, but he has not shown that a grant of his requested relief would result in his release or some other quantum change in his custodial status. Absent a showing of this nature, he does not yet qualify for relief under § 2241, because he does not argue that he is wrongfully being held. His argument at this juncture is speculative. From the information presented, it appears that the Attorney General

and the BOP have until the end of his current term of imprisonment to decide whether or not they will act upon the detainer. Until that moment arises, this Court is not able to grant the relief requested. It is also not clear that any other remedy could be granted at this time. Accordingly, the petitioner's § 2241 Petition is **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If the petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a

certificate of appealability.  *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 11th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.11 15:10:27 -05'00'

**United States District Judge**